IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Nautilus Insurance Company, | Civil Action No.: 4:13-2885-BHH |
| Plaintiff, | |
| v. | |
| SPM Resorts, Inc., MMG Development Corp., as the assignee of claims of Polynesian Isles Resort Condominium Association, Inc., and Polynesian Isles Resort Condominium IV Association, Inc., | **OPINION AND ORDER** |
| Defendants. | |

This matter is before the Court on the plaintiff's motion to amend (ECF No. 61) the amended complaint (ECF No. 14). The plaintiff filed this declaratory judgment action on October 22, 2013.

## BACKGROUND

This declaratory judgment action seeks judicial construction of a South Carolina liability insurance policy issued to SPM Resorts, Inc., a South Carolina corporation. SPM's coverage claim arises from a protracted legal battle for control of the Polynesian Isles Resort in Kissimmee, Florida. (See Amend. Compl. ¶ 2; Pl. Ex. A, *MMG Dev. Corp. et al. v. SPM Resorts, Inc.*, Case No. 6:13-cv-843-Orl-22GJK (M.D. Fla. filed Aug. 14, 2013).) The Polynesian Isles Resort is a timeshare vacation resort located near Disney World and other Orlando area tourist attractions. (ECF No. 25-2.)

The facts as alleged in the Amended Complaint are as follows. Defendant MMG brought the underlying lawsuit against SPM by way of assignment from two condominium associations, Polynesian Isles Resort Condominium Association, Inc. (hereinafter "Poly I")

and Polynesian Isles Resort Condominium IV Association, Inc. (hereinafter "Poly IV"). (Amend Compl. ¶ 21.)  Poly I and Poly IV are responsible for managing and maintaining two condominiums (Condo I and Condo IV, respectively) located in the Polynesian Isles Resort in Kissimmee, Florida (hereinafter, "the Resort").  *Id.* ¶ 22.   MMG is allegedly the successor developer at the Resort and is also the owner of the non-condominium property at the resort.  *Id.* ¶ 23.  According to the Amended Complaint, Poly I and Poly IV are not responsible for maintaining the common property and non-condominium property at the Resort.  *Id.* ¶ 24. The common property is managed and maintained by Polynesian Isles Resort Master Association, Inc. (hereinafter "the Master Association"). *Id.*  Poly I and Poly IV allegedly retained Diamond Resort Management, Inc., and its predecessors ("Diamond Resorts") to act as the professional management company for the Condo I and Condo IV. *Id.* ¶ 25.

Diamond Resorts managed the common property on behalf of the Master Association at all times relevant to the underlying case. *Id.* ¶ 26. 27. During Diamond Resort's tenure as property manager, Poly I and Poly IV had in place certain agreements with MMG, identified as "Internal Recovery and Assignment Agreements" or "IRAAs," pursuant to which MMG purchased delinquent unit weeks, thus allowing Poly I and Poly IV to avoid mounting bad debt.  *Id.* ¶ 27.  The existence of the IRAAs was allegedly dependent upon Diamond Resorts continuing to act as property manager for Poly I and Poly IV. *Id.* ¶ 22.

Beginning in the early 2000s, SPM allegedly sought to replace Diamond Resorts as property manager for Poly I and Poly IV. *Id.* ¶ 28.  Poly I and Poly IV allegedly executed separate management agreements with SPM in 2009. *Id.* ¶ 29. 30.  It is alleged that SPM

also attempted to take over as property manager for the Master Association through an illegally composed board of directors. *Id.* ¶ 30. This action, however, was enjoined by a Florida court. *Id.* SPM allegedly acted as property manager for Poly I and Poly IV from the date of the execution of their respective management agreements until April 1, 2013. *Id.* ¶ 31.

In the underlying case, MMG, by assignment from Poly I and Poly IV, asserted causes of action on behalf of each entity against SPM for breach of contract, contractual indemnity, and breach of fiduciary and statutory duties. *Id.* ¶ 22. The plaintiff seeks a declaration that it has no duty to defend SPM in the underlying case and that policies issued to SPM do not provide coverage for the damages alleged against SPM.

## **DISCUSSION**

The plaintiff seeks leave to amend the amended complaint. While the undersigned has only become responsible for the case in the last year, the Court would express regret that docket circumstances have impeded a timely resolution of the present motion.

The deadline to amend pleadings expired May 12, 2014. The plaintiff did not move to amend until November 19, 2014. Because the deadline in the scheduling order has now passed, a showing of good cause is required for a motion to amend. *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). Rule 16(b) of the Federal Rules of Civil Procedure, therefore, in addition to Rule 15(a), governs the plaitniff's request. Rule 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16. "[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings." *Nourison Rug Corp.*, 535 F.3d at 298. "In other words, when the deadline for amendment

has passed, the moving party must first demonstrate good cause under Rule 16(b) before the court will consider whether an amendment is proper under Rule 15(a)." *Pure Fishing, Inc. v. Normark Corp.*, 2012 WL 3062683, at *1-2 (July 26, 2012).

Good cause exists when the moving party shows that the deadlines cannot reasonably be met despite the diligence of the party requesting the extension. *See Vercon Constr., Inc. v. Highland Mortgage Co.*, 187 Fed. App'x 264, 265 (4th Cir. 2006). Courts have found good cause when newly discovered evidence is uncovered after the scheduling order deadline has run. *See In re Lone Star Indus., Inc. Concrete R.R. Ties Litigation*, 1994 WL 118475 at *11 (4th Cir. 1994) (unpublished disposition) *Morales v. County of Suffolk*, 952 F. Supp. 2d 433, 435 (E.D.N.Y. 2013).

The plaintiff contends that when it filed this declaratory judgment action, it was not aware of any evidence of a threat of litigation directly against SPM prior to the underlying case brought by MMG. Consequently, the plaintiff did not seek a declaration as to a 2012-13 policy that SPM knew, or could reasonably foreseen, that its wrongful acts might result in a claim prior to the policy period, although this policy language was quoted in the amended complaint. (Amend. Compl. ¶ 8.) The plaintiff did request a declaration on this ground as to its 2013-14 policy. *Id.* at 7.

The plaintiff contends that SPM produced two documents to it, several months after the motion to amend deadline, including a May 4, 2011, letter addressed to the Board Members of Poly I and Poly IV, in which an owner of approximately 22% of the time share units in Poly I and Poly IV accused SPM of mismanagement. (Mot. Amend Ex. 2.) This owner requested that Poly I and Poly IV sue SPM for its mismanagement. *Id.* The plaintiff contends that this evidence supports a declaration that SPM knew or could reasonably

-4-

have foreseen, prior to the inception of the policy on June 24, 2012, that the wrongful acts for which coverage is sought might result in a claim against it.

On October 21, 2014, a month prior to the motion to amend, the plaintiff took the deposition of SPM's Risk Manager, Karen Middleton. In her deposition, the Risk Manager apparently denied knowing about the May 4, 2011 letter and denied knowing about the threat of a lawsuit against SPM for its alleged mismanagement of Poly I and Poly IV. The plaintiff contends, therefore, that the Risk Manager's deposition did not establish that SPM knew about this threat of litigation.  Less than a week before the motion to amend, however, the plaintiff alleges to have obtained a copy of two letters dated June 30, 2011. These letters were written by Florida counsel representing SPM in 2011. (Pl. Mot. Amend. Ex. 3.)  These letters respond to the May 4, 2011 letters referenced above and seem to address the threatened lawsuit against SPM for its alleged mismanagement of Poly I and Poly IV.  *Id.*

The plaintiff contends that these letters from SPM's counsel establish that SPM actually knew about the threat of a lawsuit against SPM relating to its management of Poly I and Poly IV. It further contends that the litigation that was threatened in 2011 is virtually the same as the lawsuit that was filed by MMG in 2013 – as the assignee of Poly I and Poly IV. As such, the plaintiff is now seeking to raise as a ground for declaratory relief that no coverage exists relating to the underlying Florida civil action because SPM knew before the the plaintiff's policy that its alleged mismanagement of Poly I and Poly IV might result in a lawsuit.

The defendant responds that the amendment could have been timely made but that the plaintiff did not even request the documents it claims to rely on in its motion from SPM

until a month after the deadline to amend had passed. SPM alleges to have produced the documents on August 29, 2014.  The defendant complains that despite two motions after that date to amend the scheduling order the plaintiff did not request an extension of the deadline to extend the time to amend the complaint.

The Court finds good cause. The plaintiff has made a reasonable showing that it uncovered previously unknown facts during discovery that support an additional declaratory basis.  *See Forstmann v. Culp*, 114 F.R.D. 83, 86 n.1. (M.D.N.C. 1987).  It may have been discovered and sought on a slightly shorter time line but the circumstances seem sufficient to conclude that the plaintiff reasonably forestalled seeking to amend this additional matter until it was more certain.  There is not significant evidence of the plaintiff's delinquence in pursuing its case in discovery.

The plaintiff, however, must also satisfy Rule 15 of the Federal Rules of Civil Procedure.  Rule 15(a)(2) states that the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  Courts should consider prejudice to the non-moving party and futility of proposed amended claims. *See Balas v. Huntington Ingalls Indus.*, 711 F.3d 401, 409 (4th Cir. 2013) (identifying "prejudice, bad faith, or futility" as the reasons to deny a motion to amend under Rule 15(a)).

SPM contends that it would be prejudiced if the motion is granted. SPM ordered its affairs and made the business decision in June 2014 to settle the underlying litigation based on a host of factors, not the least of which was the posture of this coverage litigation at the time of settlement.  The plaintiff contends that there would be no prejudice to SPM as a result of the proposed Second Amended Complaint because the proposed amendment is based on evidence which was in the possession of SPM, but which has only

recently been obtained by the plaintiff. It is true that the inclusion of a claim based on facts already known or available to the non-moving party does not prejudice the non-moving party. *See Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000).

The Court's delay has also complicated the consideration. A motion for summary judgment has already been filed. Of course, these were not circumstances existing at the time of the filing of the motion. The Court is always principally concerned about a full and fair resolution. This and the underlying litigation constitute a protracted matter. The Court would not gratuitously aggravate or extend it. But, it is declaratory injunction matter between sophisticated parties. The undersigned sees no reason not to allow the plaintiff to amend this new basis for declaration. It moved with reasonable diligence, and whatever prejudice SPM might face is outweighed by the overarching need to simply get the matter right.

The Court realizes the procedural complications this permission creates. The parties should jointly or separately indicate to the Court what additional steps are necessary. The Court would permit some limited additional time for discovery, as necessary, as well as an opportunity to file omnibus dispositive motions. The current one will be mooted with leave to refile.

**CONCLUSION**

Based on the foregoing, the plaintiff's motion to amend (ECF No. 61) is GRANTED. The plaintiff's motion for summary judgment (ECF No. 74) is MOOTED with leave to refile. The parties should submit, within 7 business days of this Order, a new schedule. If no additional time is needed, the plaintiff may renew its motion for summary judgment.

IT IS SO ORDERED.

s/Bruce Howe Hendricks
United States District Judge

September 29, 2015
Greenville, South Carolina